UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX CREDIT BUREAU, et al.,<br><br>Defendants. | Case No. 20-cv-04870-TSH<br><br>**ORDER TO SHOW CAUSE RE: APPLICATION TO PROCEED IN FORMA PAUPERIS; SCREENING ORDER RE: COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

## I.  INTRODUCTION

On July 16, 2020, Plaintiff Jacqueline Williams filed this civil action and an application to proceed in forma pauperis.  Compl., ECF No. 1; Appl., ECF No. 2.  For the reasons discussed below, Williams is **ORDERED TO SHOW CAUSE** why her application should not be denied, by filing a revised application no later than August 27, 2020.  If Williams does not file an amended application, the undersigned will recommend the application be denied and that the case be dismissed if she does not pay the filing fee.  As to Williams' complaint, the Court finds she fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).  Williams must file a first amended complaint that addresses the deficiencies identified in this screening order by August 27, 2020 or the Court will recommend dismissal of this case without prejudice.

## II.  BACKGROUND

The caption of Williams' complaint indicates she is bringing the following claims: "1964 Civil Right Act Standard of Care Contributory Negligence; Professional Negligence."  Compl. at 1. Although not entirely clear, Williams appears to allege Equifax Credit Bureau, Experian Credit Bureau and Trans Union "violated plaintiff right and the term and condition of private as

consumers" by discriminating against her as an African American woman and failing to provide copies of her credit reports. *Id.* at 3. Plaintiff alleges she has "tried over countless years" to communicate with the agencies, but she "would get dysfunctional behavioral, malice and reckless indifferent toward" her. *Id.* at 4. She claims the agencies' "vicious cycles" amount to "cruel and unusual Punishment" toward her as an African American. *Id.* Later in her complaint, Williams refers to balloon payments on a home in Los Angeles and that she "sends in the information concern paid-off damage to the settlement Patel v. Trans Union LLC and was denied." *Id.* at 5-6. Williams alleges she is a victim of "18 U.S. Code 1344 Bank Fraud| U.S. | US Law. Bank Fraud to obtain any of the moneys, funds, credit, assets, securities or other property owned by under the custody or control of, a finance institution, by means of false or fraudulent pretenses, representation, or promises." *Id.* at 6-7. She also alleges the agencies committed mail fraud under "940.18 U.S.C. Section 1341" "by using United states Postal Office mail that go through in and out Postal mail." *Id.* at 8. Williams seeks $1 million in compensatory damages, $3 billion in punitive damages, $3 million for "Standard Care . . . each year," $3 million for contributory negligence damages each year, costs and, although she appears pro se in this case, attorneys' fees. *Id.* at 8.

### III.   IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filing fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Williams' application omits several answers necessary to determine whether she can pay the filing fee in this action. With respect to Question 1, Williams must provide the date last employed and the amount of the gross and net salary and wages per month she received. With respect to Question 2, Williams states she has received rent and Social Security payments in the last twelve months, but she does not indicate the amount of such payments. With respect to Question 3, Williams states she is not married but lists "$1,02." in gross income from "Spouse's Monthly Salary, Wages or Income." Without clarification as to these questions, the Court cannot determine whether Williams is eligible to proceed without paying the filing fee.

### IV. SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)

**A.   Legal Standard**

The in forma pauperis statute provides that the Court must dismiss a complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded."  *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted).  Pro se pleadings are liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**B.   Analysis**

   1.   **Federal Subject Matter Jurisdiction**

As a preliminary matter, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction."  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction").  There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  *Id.* at § 1331.  A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."  *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state."  *Id.*

Here, it is unclear what federal claims Williams seeks to bring.  Her complaint refers to the 1964 Civil Rights Act in the caption, but she does not tie any specific allegations to that Act.  Further, although Williams refers to criminal statutes, private individuals lack standing to assert

3

1    claims for relief based on criminal statutes.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619
2    (1973) ("[I]n American Jurisprudence . . . a private citizen lacks a judicially cognizable interest in
3    the prosecution or nonprosecution of another."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.
4    1980) (federal criminal statutes generally do not provide a private cause of action or a basis for
5    civil liability).

6        From Williams' allegations regarding credit reports, it appears she might be seeking to
7    bring a claim under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–81x, which imposes
8    obligations on credit reporting agencies.  In particular, "if the completeness or accuracy of any
9    item of information contained in a consumer's file at a consumer reporting agency is disputed by
10   the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of
11   such dispute, the agency shall . . . conduct a reasonable reinvestigation to determine whether the
12   disputed information is inaccurate and record the current status of the disputed information, or
13   delete the item from the file . . . ."  15 U.S.C. § 1681i(a)(l).  In addition, credit reporting agencies
14   are required to "follow reasonable procedures to assure maximum possible accuracy of the
15   information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).
16   However, as currently plead, Williams has not adequately alleged violations of the Fair Credit
17   Reporting Act against the credit reporting agencies.

18       As to diversity jurisdiction, Williams alleges that all three defendants are located in
19   California and are therefore non-diverse.

20       Given that Williams has not properly alleged subject matter jurisdiction, the Court is
21   without authority to grant the relief she requests in her complaint.  However, given Williams' pro
22   se status, the Court shall grant her an opportunity to file an amended complaint that establishes the
23   Court's jurisdiction over her claim.

24       2.   **Rule 8**
25   Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a
26   "short and plain statement of the claim showing the pleader is entitled to relief."  Rule 8(d)(1)
27   requires that each allegation in a pleading be "simple, concise, and direct."  *See McHenry v.*
28   *Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was

"argumentative, prolix, replete with redundancy, and largely irrelevant"). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.* In addition, the complaint must include facts which are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

Williams' complaint does not comply with Rule 8 because it does not set forth a short and plain statement of any claim showing she is entitled to relief. Specifically, the complaint does not identify or adequately describe any claim or claims Williams seeks to bring against the agencies and it does not clearly connect any of the facts alleged in the complaint to any of the defendants. In order to comply with Rule 8's pleading requirement, Williams must amend the complaint to state as clearly as possible the facts giving rise to the complaint. She must also explain why each named defendant is being sued by making specific factual allegations that connect each defendant with the alleged wrongdoing, and specifically identifying the claim(s) asserted against each defendant.

Accordingly, the Court finds dismissal appropriate because the complaint fails to state a claim upon which relief can be granted. However, given Williams' pro se status and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant her the opportunity to file an amended complaint. To comply with Rule 8's pleading requirement, Williams' amended complaint must identify the claim, including the specific law or right she believes was violated, and must allege all the facts upon which she bases this claim.

## V. CONCLUSION

For the reasons discussed above, Williams is **ORDERED TO SHOW CAUSE** why this case should not be dismissed by filing, no later than August 27, 2020 both: (1) an amended application to proceed in forma pauperis; and (2) an amended complaint. Any amended complaint must include the caption and civil case number used in this order (20-cv-04870) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely

1  replaces the previous complaint, any amended complaint may not incorporate claims or allegations
2  of Williams' original complaint by reference, but instead must include all of the facts and claims
3  she wishes to present and all of the defendants she wishes to sue.
4      Williams may wish to seek assistance from the Legal Help Center, a free service offered by
5  the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982.
6  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide
7  basic legal help but not representation.  More information is available at
8  http://cand.uscourts.gov/helpcentersf.  Williams may also wish to obtain a copy of the district
9  court's *Handbook for Litigants Without a Lawyer*.  It provides instructions on how to proceed at
10 every stage of your case, including discovery, motions, and trial.  The handbook is available in
11 person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.
12 **IT IS SO ORDERED.**

Dated: July 24, 2020

THOMAS S. HIXSON
United States Magistrate Judge