UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE WILLIAMS,<br><br>   Plaintiff,<br><br>  v.<br><br>EQUIFAX CREDIT BUREAU, et al.,<br><br>   Defendants. | Case No. 20-cv-04870-TSH<br><br>**ORDER SCREENING SECOND AMENDED COMPLAINT AND DIRECTING SERVICE** |

## I. INTRODUCTION

After Plaintiff Jacqueline Williams filed her initial complaint against the three credit bureau agencies, the Court found she failed to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Williams also filed an in forma pauperis application, but the Court found certain responses in her application required clarification. Williams filed an amended complaint, addressing the Court's concerns regarding her in forma pauperis application and original complaint. The Court granted the application but found the amended complaint did not rectify the shortcomings addressed in its previous order. This screening order addresses Williams' second amended complaint.

## II. BACKGROUND

On July 16, 2020, Williams filed this civil action and an application to proceed in forma pauperis. Compl., ECF No. 1; Appl., ECF No. 2. She named the three credit bureau agencies - Equifax, Experian and TransUnion – as defendants, and the caption included the following claims: "1964 Civil Right Act Standard of Care Contributory Negligence; Professional Negligence." Compl. at 1. Although not entirely clear, it appeared that Williams alleged the agencies "violated

plaintiff right and the term and condition of private as consumers" by discriminating against her as an African American woman and failing to provide copies of her credit reports. *Id.* at 3. Williams alleged she "tried over countless years" to communicate with the agencies, but she "would get dysfunctional behavioral, malice and reckless indifferent toward" her. *Id.* at 4. She claimed the agencies' "vicious cycles" amount to "cruel and unusual Punishment" toward her as an African American. *Id.* Later in the complaint, Williams referred to balloon payments on a home in Los Angeles and that she "sends in the information concern paid-off damage to the settlement Patel v. Trans Union LLC and was denied." *Id.* at 5-6. Williams alleged she is a victim of "18 U.S. Code 1344 Bank Fraud| U.S. | US Law. Bank Fraud to obtain any of the moneys, funds, credit, assets, securities or other property owned by under the custody or control of, a finance institution, by means of false or fraudulent pretenses, representation, or promises." *Id.* at 6-7. She also alleged the agencies committed mail fraud under "940.18 U.S.C. Section 1341" "by using United states Postal Office mail that go through in and out Postal mail." *Id.* at 8. Williams sought $1 million in compensatory damages, $3 billion in punitive damages, $3 million for "Standard Care . . . each year," $3 million for contributory negligence damages each year, costs and, although she appears pro se in this case, attorneys' fees. *Id.* at 8.

On July 24, 2020, the Court ordered Williams to show cause why her in forma pauperis application should not be denied and directed her to file a first amended complaint by August 27, 2020. ECF No. 6. As to her in forma pauperis application, the Court noted that Williams omitted several answers necessary to determine whether she can pay the filing fee, including the date last employed and the amount of the gross and net salary and wages per month she received, the amount of any rent and Social Security payments she has received payments in the last twelve months, and an explanation of why she stated she is not married but listed "$1,02." in gross income from "Spouse's Monthly Salary, Wages or Income."

As to her complaint, the Court found Williams failed to comply with Federal Rule of Civil Procedure 8 because she did not set forth a short and plain statement of any claim showing she is entitled to relief. Specifically, the complaint did not identify or adequately describe any claim Williams sought to bring against the agencies and it did not clearly connect any of the alleged

1   facts to any of the defendants.  Although she referred to the 1964 Civil Rights Act, she did not tie
2   any specific allegations to that Act.  Williams also alleged the credit bureaus violated certain
3   criminal statutes, yet private individuals lack standing to assert such claims.  From Williams'
4   allegations regarding credit reports, the Court noted she might be seeking to bring a claim under
5   the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–81x, but she had not alleged any such claim Act
6   and had not tied any specific allegations to any of the three agencies.  Accordingly, the Court
7   directed Williams to file an amended complaint and properly identify the claim she sought to
8   bring, including the specific law or right she believes was violated and all the facts upon which
9   she bases that claim.  The Court also advised Williams that an amended complaint would replace
10  the previous complaint, meaning she could not incorporate claims or allegations from her original
11  complaint by reference.
12         On August 19, 2020, Williams filed her amended complaint, in which she also provided
13  clarification regarding her in forma pauperis application.  ECF No. 7.  Rather than include any
14  causes of action or facts regarding her claim against the credit bureau agencies, Williams
15  requested the undersigned "remove" himself from the case "and sign plaintiff to another
16  Magistrate Judge; plaintiff have enough to deal trying to 'Stay Alive' after the killer of George
17  Floyd senseless death and the hatred toward African-American male and female."  She further
18  alleged "Plaintiff is human and not inhuman; as African-American deserve what plaintiff is asking
19  for by these 'Monster' that let these individuals use my social security."  She stated "plaintiff are a
20  victim and Why Magistrate Judge Thomas S. Hixson; isn't because plaintiff are African-American
21  female.  Plaintiff want to be treated the same as other race with "RESPECT" the same way
22  plaintiff will respect Magistrate Judge Thomas S. Hixson like plaintiff was raise by both
23  parents!!!"  Finally, Williams alleged she "had two Cornea transplant major surgery in the right
24  eye; and the second transplant plaintiff body is trying to reject this one too in my right eye and use
25  14 drop in that eye with four difference drops. Seven day a week, please do-not feel sorry for
26  plaintiff condition. African-American always need to proven themselves which plaintiff know its
27  horrible how African-American only race is this Country that labeled 'CATEGORICALLY' (not
28  telling the true)."

1    On August 21, 2020, the Court granted Williams' in forma pauperis application and issued
2    a second screening order. ECF No. 8. The Court noted Williams' amended complaint failed to
3    identify or adequately describe any claim or claims she sought to bring against the agencies. It
4    directed her to file a second amended complaint that identifies the claims against each defendant,
5    including the specific law or right she believes was violated, and to allege all the facts upon which
6    she bases these claims.

7    Williams filed her second amended complaint on September 18, 2020, alleging "Plaintiff is
8    an African-American/Black woman; plaintiff alleges that the defendants Equifax Credit Bureau, et
9    al., violated plaintiffs and the terms of plaintiff contract." ECF No. 9. She further alleges she "is a
10   consumer; who was not protected and defendant did not show any significant in plaintiff credit
11   score. And did not play any secured plaintiff; social security number and name and other date
12   information at all." Williams states Equifax "had not protect plaintiff data information and been
13   contacting Equifax Credit Bureau, et al., Equifax Credit Bureau charge consume a $24.95 monthly
14   or $99.95 yearly monitoring or annual fee and is not a good job." She alleges she has been "living
15   in board house because defendants give negative report rating on plaintiff on about 2018 for one
16   bed room apartment. The defendants is real good in lower credit score; plaintiff is been question
17   about complaint against Equifax Credit Bureau, et al." Williams claims "Equifax Credit Bureau,
18   et, al each of them, denied plaintiff, facilities and privileges provide to other persons . . . on the
19   account of plaintiff race, sex that is an arbitrary basic for discriminatory pattern of abusive!
20   Defendants Equifax Credit Bureau, et al, refused to mail copy of credit report to plaintiff when ask
21   on about January of 2020." Finally, she alleges "Plaintiff never gives writing authorization to
22   defendants Equifax Credit Bureau, et al to give out data information which is vicious cycles
23   among the Equifax Credit Bureau, et al."

### III. SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)

**A.    Legal Standard**

26   The in forma pauperis statute provides that the Court must dismiss a complaint if it is
27   frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a
28   defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). To make this determination,

1    courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully
2    pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted).  Pro
3    se pleadings are liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

**B.     Analysis**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief."  Liberally construed, the Court finds Williams has stated a factual and legal basis for at least one claim.  She appears to allege the three credit agencies provided inaccurate information on her credit report and failed to conduct reasonable investigations to correct the information.  The Fair Credit Reporting Act, 15 U.S.C. §§ 1681–81x, imposes certain obligations on credit reporting agencies.  In particular, "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall . . . conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . ."  15 U.S.C. § 1681i(a)(l).  In addition, credit reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  Accordingly, the Court finds Williams' complaint is not frivolous and that there is a factual and legal basis for the asserted wrong.

**IV.     CONCLUSION**

The Court has engaged in a preliminary screening to ensure Williams' complaint is not frivolous, that it states a claim, and that it does not seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  Accordingly, the Clerk of Court shall issue the summons, and the Clerk's Office or the U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the complaint, any amendments or attachments, Plaintiff's affidavit, and this order upon Defendants.

To allow time for service and Defendants' responses, the Court **CONTINUES** the Case Management Conference to December 10, 2020 at 10:00 a.m.  This conference shall be attended

1  by lead trial counsel for parties that are represented.  By December 3, 2020, the parties shall file a
2  joint case management statement containing the information in the Standing Order for All Judges
3  in the Northern District of California, available at: http://cand.uscourts.gov/tshorders.  The Joint
4  Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms.  If the
5  statement is e-filed, no chambers copy is required.

As the case proceeds, the Court reminds Williams that she may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.  She may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*.  It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: September 25, 2020

_____
THOMAS S. HIXSON
United States Magistrate Judge